# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| SANDRA KELLY, Individually and as Next of Friend of R.K., a Minor, and DANIEL KELLY, § § § §<br><br>*Plaintiffs,* §<br>v. §<br>§<br>WINNSBORO INDEPENDENT §<br>SCHOOL DISTRICT and BOARD OF §<br>TRUSTEES OF THE WINNSBORO §<br>INDEPENDENT SCHOOL DISTRICT, §<br>DUNCAN McADOO, BRANDON §<br>GREEN, STACY "CHIP" BROWN, JAY §<br>MURDOCK, KRISTIE AMASON, BILLY §<br>SAUCIER, and BRIAN BUSBY, §<br>§<br>*Defendants.* § | Civil Action No. 4:24-cv-649<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Transfer Venue (Dkt. #21). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

On July 17, 2024, Plaintiffs filed suit, alleging that Defendants failed to respond to multiple complaints by Plaintiffs involving bullying and harassment (Dkt. #1 at ¶ 1). Plaintiff, R.K., a minor, is a student with a disability and states she has endured at least 6 incidents of "serious verbal and physical sex-based and disability-based harassment and other actions by two [Winnsboro Independent School District] students" (Dkt. #1 at ¶ 2). On September 5, 2024, Defendants filed their Motion to Transfer Venue (Dkt. #21). Through it, Defendants urge the Court to transfer this

suit to the Eastern District of Texas, Tyler Division ("Tyler Division") Plaintiffs filed a Response on October 3, 2024 (Dkt. #28). Then, on October 17, 2024, Defendants filed their Reply (Dkt. #32).

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404, a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Murray v. City of Copperas Cove*, 1:23-CV-541-DII, 2024 WL 3799463, at *2 (W.D. Tex. Aug. 13, 2024) ("[T]he proper vehicle for any intra-district transfer is Section 1404(a)."). The purpose of § 1404 "is to prevent the waste 'of time, energy and money' and 'to protect the litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen,* 376 U.S. at 616 (quoting *Cont'l Grain Co. v. The FBL—585*, 364 U.S. 19, 27 (1960)).

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once that threshold inquiry is met, the Fifth Circuit has held that "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

2

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *Id.*

The party seeking transfer of venue must show good cause for the transfer. *Id.* The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Id.* at 313, 314 n.10 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege."). However, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. And while the multi-factor analysis is informative, ultimately, "the district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

## ANALYSIS

### I.  The Threshold Inquiry

The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties consent to a particular jurisdiction. *Volkswagen I*, 371 F.3d at 203. The parties agree that venue is proper in the Eastern District of Texas; therefore, the threshold inquiry is satisfied (Dkt. #1 at ¶ 29; Dkt. #21 at p. 4). As such, the Court will analyze the private and public interest factors.

### II.  The private and public interest factors favor transfer.

#### A.  The Private Interest Factors

In *Volkswagen II*, the Fifth Circuit provided the Court with four private interest factors to consider when determining whether to transfer a case: "(1) the relative ease of access to the sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315.

##### 1.  *The Relative Ease of Access to the Sources of Proof*

"The Fifth Circuit has cautioned this factor remains relevant despite technological advances having made electronic document production commonplace." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 272201, at *3 (W.D. Tex. June 13, 2014) (citing *Volkswagen II*, 545 F.3d at 316). Defendants argue that "most, if not all, of the fact witnesses reside" and "all of the pertinent evidence in this case" are located in the Tyler Division (Dkt. #21 at pp. 5–6). So, the argument goes, this factor weighs in favor of transfer. Plaintiffs disagree. The crux of their argument is that "documents and witnesses[] are not located entirely in the Tyler Division…but

4

are spread across three divisions of the Eastern District of Texas—Tyler, Sherman[,] and Texarkana—making the Tyler Division no more convenient" than the Sherman Division (Dkt. #28 at p. 6). Because of this, Plaintiffs argue this factor cuts against transfer. Defendants' argument carries the day. Defendants provide evidence—which Plaintiffs do not persuasively refute—that the Plaintiffs, the administrative offices of Winnsboro ISD ("WISD"), all the schools that comprise WISD, and all but one of the Trustees of the Board of Trustees of WISD are in Wood County, Texas (Dkt. #21-1 at ¶ 3). Since Wood County is located in the Tyler Division, the Court finds that this factor cuts strongly in favor of transfer.

2.  *Availability of Compulsory Process to Secure the Attendance of Witnesses*

Next, the Court asks whether transfer benefits the availability of compulsory process. *See Volkswagen II*, 545 F.3d at 315. A court's subpoena may command a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party of party's officer; and (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c). There is no difference between the two divisions for this factor since all witnesses seem to be within 100 miles of each division (*Cf.* Dkt. #21 at p. 6; Dkt. #28 at p. 9). Thus, this factor is neutral.

3.  *Cost of Attendance of Willing Witnesses*

Defendants argue that witnesses will be forced to travel from Wood County to Sherman as well as incur travel and lodging expenses (Dkt. #21 at pp. 6–7). Plaintiffs counter by noting that the witnesses are spread across several counties and there is no difference between the Tyler or Sherman Divisions (Dkt. #28 at p. 9). Plaintiffs' argument is unpersuasive. Although they claim the witnesses are spread across various judicial districts, Plaintiffs do not cite to evidence in their Response to support this assertion (*See* Dkt. #28). As the Court previously noted, the vast majority

5

of witnesses seem to reside within Wood County (*See* Dkt. #21-1 at ¶ 3). Thus, the Court finds that this factor cuts strongly in favor of transfer.

    4.  *Other Practical Considerations*

  Defendants argue this factor favors transfer because WISD officials and employees will travel for trial and incur lodging expenses that WISD will likely reimburse (Dkt. #21 at p. 7). Plaintiffs' argument—again—is that witnesses are spread throughout three districts and will also have expenses from travel and lodging if the case is transferred to the Tyler Division; thus, the Court should find this factor cuts against transfer (Dkt. #28 at p. 10). The Court, however, finds that this factor favors transfer. If WISD must reimburse employees for expenses and travel, the public's tax dollars are needlessly expended. As such, this factor cuts in favor of transfer to the Tyler Division.

  **B.**  **The Public Factors**

  Next, the Fifth Circuit requires that the Court apply four non-exclusive public interest factors in determining a § 1404(a) venue transfer question: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems or conflicts of law or the application of foreign law. *Volkswagen II*, 545 F.3d at 315. Each factor is addressed in turn.

    1.  *Administrative Difficulties Flowing from Court Congestion*

  The first public interest factor the Court considers in its analysis is administrative difficulties that flow from court congestion. *Volkswagen II*, 545 F.3d at 315. In considering this factor, the speed with which a case can come to trial and be resolved may be relevant. *See id.* at 316; *Gates Learjet Corp. v. Jenson*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is not whether

[transfer] will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket."). Defendants state that this factor is "unknown to neutral" (Dkt. #21 at p. 7), while Plaintiffs aver that this factor weighs in their favor or is neutral (Dkt. #28 at p. 10). Actually, this factor weighs in favor of transfer. The Sherman Division is the busiest division in the Eastern District of Texas, so much so, that the district is operating under a new case assignment system to spread the Sherman Division's caseload throughout the entire district. *See* General Order No. 25-02, GENERAL ORDER ASSIGNING CIVIL AND CRIMINAL ACTIONS, U.S. District Court, Eastern District of Texas (March 1, 2025). Accordingly, the case will likely go to trial more quickly in the Tyler Division than the Sherman Division. Thus, this factor favors transfer.

### 2. *Local Interest in Having Localized Interests Decided at Home*

The second public interest factor is the local interest in having localized interests decided at home. *Volkswagen II*, 545 F.3d at 315. "Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Affinity Labs of Tex. v. Samsung Elecs. Co.*, 968 F. Supp. 2d 852, 855 (E.D. Tex. 2013) (citing *Volkswagen I*, 371 F.3d at 206). Plaintiffs claim that since the Sherman and Tyler districts abut each other, the local interests are similar or identical (Dkt. #28 at p. 10). Not so. As Defendants note, "[a]ll of the events took place within Wood County, all of the parties (other than one) reside in Wood County, most if not all, of the witnesses reside in Wood County, and the suit directly attacks the actions and integrity of employees and officials of WISD, a public school district within Wood County that serves students and parents who primarily reside in Wood County" (Dkt. #21 at p. 7). As such, the Court finds that this factor cuts in favor of transfer.

      3.     *Familiarity of the Forum with the Law Governing the Case*

Next, the Court considers whether the familiarity of the forum with the matter's governing law affects the transfer analysis. Defendants argue this factor is neutral (Dkt. #21 at p. 8), while Plaintiffs argue that Defendants' failure to address this issue cuts in their favor (Dkt. #28 at p. 11). The Court finds that this factor is neutral since both divisions are familiar with Title IX, the Americans with Disabilities Act, and the relevant regulations.

      4.     *Avoidance of Conflict of Laws*

The final public interest factor "seeks to avoid 'unnecessary problems of conflict of laws or in the application of foreign law.'" *Def. Distributed v. Bruck*, 30 F.4th 413, 436 (5th Cir. 2022) (quoting *Volkswagen II*, 545 F.3d at 315). Plaintiffs claim this factor favors them, while Defendants assert it is neutral (Dkt. #21 at p. 8; Dkt. #28 at p. 11). Notably, Plaintiffs state there "is no issue regarding conflict of law" (Dkt. #28 at p. 11). Thus, the Court finds that this factor is neutral.

In conclusion, five factors favor transfer, while three factors are neutral. As such, the Tyler Division is "clearly more convenient" for the parties. *Volkswagen II*, 545 F.3d at 315. Therefore, the Court transfers this case to the Tyler Division.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Transfer Venue (Dkt. #21) is hereby **GRANTED**.

The Clerk is **DIRECTED** to **TRANSFER** this case to the Eastern District of Texas, Tyler Division.

    **IT IS SO ORDERED.**
    SIGNED this 24th day of April, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE