**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SANDRA KELLY, Individually and as Next of Friend of R.K., a Minor, and DANIEL KELLY, | § § § § | |
| Plaintiffs, | § § | Case No. 6:25-cv-134-JDK |
| v. | § § | |
| WINNSBORO INDEPENDENT SCHOOL DISTRICT and BOARD OF TRUSTEES OF THE WINNSBORO INDEPENDENT SCHOOL DISTRICT, DUNCAN McADOO, BRANDON GREEN, STACY "CHIP" BROWN, JAY MURDOCK, KRISTIE AMASON, BILLY SAUCIER, and BRIAN BUSBY, | § § § § § § § § § § | |
| Defendants. | § | |

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

Plaintiffs Sandra and Daniel Kelly allege that their child R.K. experienced bullying and harassment at school. The Kellys further allege that when they reported the conduct to Defendants, Defendants failed to address the issue and took retaliatory action against Sandra Kelly, who was employed by the school district. The Kellys, individually and on behalf of their child R.K., sued the Winnsboro Independent School District ("WISD"), WISD's Board of Trustees, and individual board members Duncan McAdoo, Brandon Green, Stacy "Chip" Brown, Jay Murdock, Kristie Amason, Billy Saucier, and Brian Busby (the "Board Member Defendants").

1

Before the Court is Defendants' partial motion to dismiss the claims against the Board of Trustees and the Board Member Defendants, as well as Sandra Kelly's ADA claim.  As explained below, the motion is **GRANTED**.  Further, Plaintiffs' request for leave to amend the pleadings is **GRANTED-IN-PART**.

**I.**

Plaintiff R.K. was a minor and 7th grade student at WISD when he allegedly experienced sexual and disability-based bullying and harassment by fellow students. Docket No. 1 at 2.  R.K.'s mother, Sandra Kelly, was employed by WISD when she and R.K.'s father, Daniel Kelly, reported the misconduct to Defendants.  *Id*.  The Kellys claim to have made at least twelve complaints to Defendants about six separate incidents at issue in this case.  *Id*.  Rather than addressing the claimed misconduct, the Kellys allege, Defendants  made false reports, wrongfully terminated Sandra Kelly's contract, and barred both Sandra and Daniel Kelly from campus.  *Id*.

On behalf of R.K., Sandra and Daniel Kelly claim "deliberate indifference to sexual harassment; retaliation through stalking and discrimination; and hostile educational environment" in violation of 20 U.S.C. §§ 1681–1688 (Title IX).  *Id*. at 45– 56.  Sandra and Daniel Kelly each individually claim "[r]etaliation and creation of hostile educational environment" in violation of 20 U.S.C. §§ 1681–1688 (Title IX). *Id*. at 57–68.  The final two claims by all Plaintiffs against all Defendants are brought under Title II of the ADA and § 504 of the Rehabilitation Act, respectively, for "Deliberate Indifference to Disability-Based Harassment; Retaliation Through

2

Stalking and Discrimination; [and] Creation of a Hostile Educational Environment." *Id.* at 72–75.

Defendants move to dismiss certain claims under Federal Rule of Civil Procedure 12(b)(6).  Docket No. 22.

## II.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In deciding a Rule 12(b)(6) motion, a court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 955 (5th Cir. 2020) (citation omitted).  Such "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must "make relief plausible, not merely conceivable, when taken as true," *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.

Defendants seek dismissal of the following:  (A) all claims against the WISD Board of Trustees; (B) all claims against the Board Member Defendants; and (C) Sandra Kelly's ADA claim.  The Court addresses each in turn.

### A.

As Defendants assert, under Texas law, a school district's Board of Trustees may be sued only "in the name of the district."  TEX. EDUC. CODE ANN. § 11.151(a);

Docket No. 22 at 5.  Thus, suing both WISD and the Board of Trustees is redundant and improper.  *See Jathana v. Spring Branch ISD*, 2012 WL 6096675, at *4 (S.D. Tex. Dec. 7, 2012).  Plaintiffs in fact concede as much.  Docket No. 29 at 1.  Amendment would be futile, moreover, because Plaintiffs cannot bring claims against a Board of Trustees as a separate entity.  *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (holding that courts have discretion to deny requests for leave to amend if the amendment would be futile).  Accordingly, Plaintiffs' claims against the Board of Trustees are **DISMISSED** with prejudice.

### B.

Defendants also request dismissal of the named Board Member Defendants. Docket No. 22 at 5.  The Fifth Circuit has held that claims under Title IX, the ADA, and the Rehabilitation Act "may only be brought against the institution receiving federal funds," not individuals or employees.  *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020); *see also Lollar v. Baker*, 196 F.3d 603, 608–09 (5th Cir. 1999).  Thus, Defendants assert that these claims should be dismissed and leave to amend should be denied.  Docket No. 33 at 2.  Plaintiffs also concede this point. Docket No. 29 at 1.  The Court agrees that these claims are not viable and are, therefore, **DISMISSED**.  To the extent Plaintiffs seek leave to "clarify the claims brought" against the Board Member Defendants, the Court **GRANTS** leave to amend to allow Plaintiffs to potentially state a viable claim against these individuals.  Docket No. 29 at 1.

### C.

Finally, Defendants move to dismiss the ADA claim as to Sandra Kelly for failure to exhaust her administrative remedies because she has not alleged receipt of a statutory right-to-sue notice. *See* Docket No. 22 at 7. A plaintiff bringing an employment claim under Title I of the ADA must first exhaust her administrative remedies with the EEOC. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996); *Stewart v. County of Brown*, 86 F.3d 107, 110 (7th Cir. 1996) (citing 42 U.S.C. § 12117(a)). Thus, because the alleged ADA violations as to Sandra appear to be employment-related, they are **DISMISSED** without prejudice for failure to exhaust. Plaintiffs' request to amend the pleadings to clarify that Sandra's claim is not related to her employment by WISD is **GRANTED**.

### IV.

Accordingly, Defendants' partial motion to dismiss (Docket No. 22) is **GRANTED**. The claims against the Board of Trustees are **DISMISSED** with prejudice. The claims against the Board Member Defendants and the ADA claim as to Sandra Kelly are **DISMISSED** without prejudice. Finally, the Court **GRANTS** Plaintiffs leave to amend the complaint as stated above.

So **ORDERED** and **SIGNED** this **23rd** day of **June, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

6